**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **TEAMSTERS LOCAL UNION NO. 52,** : | |
| 8001 Sweet Valley Dr., Suite 3 : | |
| Valley View, OH 44125 : | CASE NO. _____ |
| : | |
| **TEAMSTERS LOCAL UNION NO. 20,** : | |
| 435 S. Hawley St. : | JUDGE _____ |
| Toledo, OH 43609 : | |
| : | |
| **TEAMSTERS LOCAL UNION NO. 92** : | |
| 1127 Ninth St. NW : | **VERIFIED COMPLAINT AND** |
| Canton, OH 44707 : | **REQUEST FOR INJUNCTIVE RELIEF** |
| : | |
| **TEAMSTERS LOCAL UNION NO. 110** : | |
| PO Box 180 : | |
| Ebensburg, PA 15931 : | |
| : | |
| **TEAMSTERS LOCAL UNION NO. 284** : | |
| 555 E. Rich St. : | |
| Columbus, OH 43215 : | |
| : | |
| **TEAMSTERS LOCAL UNION NO. 377** : | |
| 123 Teamster Dr. : | |
| Youngstown, OH 44502 : | |
| : | |
| **TEAMSTERS LOCAL UNION NO. 397** : | |
| 1344 E. 11th St. : | |
| Erie, PA 16503 : | |

**TEAMSTERS LOCAL UNION NO. 637**
100 Timber Run Rd
Zanesville, OH 43701

**TEAMSTERS LOCAL UNION NO. 926**
4240 Steubenville Pike

Pittsburgh, PA 15205

**TEAMSTERS LOCAL UNION NO. 957**
2719 Armstrong Ln
Dayton, OH 45414

      Plaintiffs,

      v.

**SCHWEBEL BAKING CO.**
965 E. Midlothian Blvd.
PO Box 6018
Youngstown, OH 44501

      Defendant.

## JURISDICTION AND VENUE

1. This is an action pursuant to § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, seeking injunctive relief in aid of arbitration of grievances filed pursuant to Plaintiffs' respective collective bargaining agreements with Defendant Schwebel Baking Company.

2. Jurisdiction over suits for violation of a contract between an employer and a labor organization is conferred on this Court by Section 301 of the National Labor Relations Act, 29 U.S.C. § 185.

3. The Norris-LaGuardia Act, 29 U.S.C. § 101, does not bar the grant of injunctive relief to Plaintiffs in this action.

4. Personal jurisdiction over the Defendant exists in this District wherein the Defendant is located and has its principal place of business.

5. Venue is proper in this District as a substantial part of the events or omissions giving rise to the Unions' claims occurred within the Northern District of Ohio, Eastern Division.

## THE PARTIES

6. Plaintiff Teamsters Local Union No. 52, successor-by-merger with Teamsters Local Union No. 40, affiliated with the International Brotherhood of Teamsters, (hereinafter "Local 52") is

a labor organization within the meaning of the LMRA, 29 U.S.C. § 152(5), and maintains offices in Valley View, Ohio and Mansfield, Ohio. At all times relevant to this action, Local 52 was the duly recognized and exclusive bargaining agent for certain individuals employed by Defendant within Local 52's exclusive geographic jurisdiction.

7.     Plaintiff Teamsters Local Union N. 20, affiliated with the International Brotherhood of Teamsters, (herein after "Local 20") is a labor organization with the meaning of the LMRA, 29 U.S.C. § 152(5), and maintains offices in Lorain, Ohio and Toledo, Ohio. At all times relevant to this action, Local 20 was the duly recognized and exclusive bargaining agent for certain individuals employed by Defendant within Local 20's exclusive geographic jurisdiction.

8.     Plaintiff Teamsters Local Union No. 92, affiliated with the International Brotherhood of Teamsters, (hereinafter "Local 92"), is a labor organization within the meaning of the LMRA, 29 U.S.C. §152(5), and maintains its principal place of business in Canton, Ohio. At all times relevant to this action, Local 92 was the duly recognized and exclusive bargaining agent for certain individuals employed by Defendant within Local 92's exclusive geographic jurisdiction.

9.     Plaintiff Teamsters Local Union No. 110, affiliated with the International Brotherhood of Teamsters, (hereinafter "Local 110"), is a labor organization within the meaning of the LMRA, 29 U.S.C. §152(5), and maintains its principal place of business in Ebensburg, Pennsylvania. At all times relevant to this action, Local 110 was the duly recognized and exclusive bargaining agent for certain individuals employed by Defendant within Local 110's exclusive geographic jurisdiction.

10.     Plaintiff Teamsters Local Union No. 284, affiliated with the International Brotherhood of Teamsters, (hereinafter "Local 284"), is a labor organization within the meaning of the LMRA, 29 U.S.C. §152(5), and maintains its principal place of business in Columbus, Ohio. At all times relevant to this action, Local 284 was the duly recognized and exclusive bargaining agent for certain individuals employed by Defendant within Local 284's exclusive geographic jurisdiction.

11.     Plaintiff Teamsters Local Union No. 377, affiliated with the International Brotherhood of Teamsters, (hereinafter "Local 377"), is a labor organization within the meaning of the LMRA, 29

U.S.C. §152(5), and maintains its principal place of business in Youngstown, Ohio. At all times relevant to this action, Local 377 was the duly recognized and exclusive bargaining agent for certain individuals employed by Defendant within Local 377's exclusive geographic jurisdiction.

12.     Plaintiff Teamsters Local Union No. 397, affiliated with the International Brotherhood of Teamsters, (hereinafter "Local 397"), is a labor organization within the meaning of the LMRA, 20 U.S.C. §152(5), and maintains its principal place of business in Erie, Pennsylvania. At all times relevant to this action, Local 397 was the duly recognized and exclusive bargaining agent for certain individuals employed by Defendant within Local 397's exclusive geographic jurisdiction.

13.     Plaintiff Teamsters Local Union No. 637, affiliated with the International Brotherhood of Teamsters, (hereinafter "Local 637"), is a labor organization within the meaning of the LMRA, 29 U.S.C. §152(5), and maintains its principal place of business in Zanesville, Ohio. At all times relevant to this action, Local 637 was the duly recognized and exclusive bargaining agent for certain individuals employed by Defendant within Local 637's exclusive geographic jurisdiction.

14.     Plaintiff Teamsters Local Union No. 926, affiliated with the International Brotherhood of Teamsters, (hereinafter "Local 926"), is a labor organization within the meaning of the LMRA, 29 U.S.C. §152(5), and maintains its principal place of business in Pittsburgh, Pennsylvania. At all times relevant to this action, Local 926 was the duly recognized and exclusive bargaining agent for certain individuals employed by Defendant within Local 926's exclusive geographic jurisdiction.

15.     Plaintiff Teamsters Local Union No. 957, affiliated with the International Brotherhood of Teamsters, (hereinafter "Local 957"), is a labor organization within the meaning of the LMRA, 29 U.S.C. §152(5), and maintains its principal place of business in Dayton, Ohio. At all times relevant to this action, Local 957 was the duly recognized and exclusive bargaining agent for certain individuals employed by Defendant within Local 957's exclusive geographic jurisdiction.

16.     Defendant Schwebel Baking Company (hereinafter "the Company" or "Defendant") is a corporation duly organized under the laws of the State of Ohio. The Company has its principal place of business in Youngstown, Ohio and is engaged in the business of producing, distributing and

-4-

selling baked goods at retail outlets in Ohio, Pennsylvania and New York. The Company is engaged in an industry affecting commerce as defined in Sections 2(6) and (7) of the Act, 29 U.S.C. § 152(6) and (7).

17.     Plaintiffs bring this action on behalf of all individuals represented by the Union and employed by the Company who, by virtue of the Company's actions, have ceased to receive Company-provided health care, whose pension contributions have been discontinued, who are owed accrued vacation pay, personal leave, and/or other contractual leave time, and who will not receive severance pay, all of which is required by the collective bargaining agreement.

## THE FACTS

18.     At all times relevant to this action, Plaintiffs Local 52, 92, 284, 377 and 957 were parties to a collective bargaining agreement (referred to as "the Statewide Agreement") with the Defendant covering the terms and conditions of employment for certain employees of the Company. A copy of the most recent agreement, effective July 24, 2023 through July 20, 2026, is attached hereto as **Exhibit A**.

19.     At all times relevant to this action, Plaintiff Local 20 was a party to a collective bargaining agreement with Defendant covering the terms and conditions of employment for certain employees of the Company. A copy of the most recent agreement, effective March 19, 2023 through March 18, 2026 is attached hereto as **Exhibit B**.

20.     At all times relevant to this action, Plaintiff Local 637 was a party to a collective bargaining agreement covering the terms and conditions of employment for certain employees of the Company. A copy of the most recent agreement, effective January 9, 2024 through January 9, 2027 is attached hereto as **Exhibit C**.

21.     At all times relevant to this action, Plaintiff Local 110 was a party to a collective bargaining agreement covering the terms and conditions of employment for certain employees of the Company. A copy of the most recent agreement, effective January 29, 2023 through January 27, 2026 is attached hereto as **Exhibit F**.

22.     At all times relevant to this action, Plaintiff Local 397 was a party to a collective bargaining agreement covering the terms and conditions of employment for certain employees of the Company. A copy of the most recent agreement, effective September 11, 2023 through September 13, 2026, is attached hereto as **Exhibit G**.

23.     At all times relevant to this action, Plaintiff Local 926 was a party to a collective bargaining agreement covering the terms and conditions of employment for certain employees of the Company. A copy of the most recent agreement, effective December 12, 2021 through December 24, 2025, is attached hereto as **Exhibit H**. Local 926 and Defendant executed an extension agreement, extending the collective bargaining agreement from December 24, 2025 through December 31, 2026. A copy of the extension agreement is attached hereto as **Exhibit I**.

24.     Article 8 of the Statewide Agreement establishes a grievance and arbitration procedure for the orderly handling of any matter of difference with respect to the meaning or application of any provision of the Agreement. The Statewide Agreement further provides that the arbitration of disputes shall be "final and binding" upon all parties.

25.     Likewise, Article 9 of the Local 20 and Local 637 collective bargaining agreements, Article 16 of the Local 110 and 397 collective bargaining agreements, and Article 6 of the Local 926 collective bargaining agreement establishes a grievance and arbitration procedure for the orderly handling of any matter of difference with respect to the meaning or application of any provision of the agreements. The local agreements further provide that the arbitration of disputes shall be "final and binding" upon all parties.

26.     Article 3 of the Statewide Agreement and the collective bargaining agreement with Local 637, Article 4 of the collective bargaining agreement with Local 20, Articles 23 of the collective bargaining agreements with Local 110 and 397, and Article 16 of the collective bargaining agreement with Local 926 require the Company to issue vacation pay to qualified employees represented by Plaintiffs based upon the length of their employment.

27.     Article 4 of the Statewide Agreement and the collective bargaining agreement with Local 637, Article 5 of the collective bargaining agreement with Local 20, Articles 25 of the collective bargaining agreements with Local 110 and Local 397, and Article 17 of the collective bargaining agreement with Local 926 require the Company to provide qualified employees represented by Plaintiffs with health insurance.

28.     Article 4 of the Statewide Agreement and Article 5 of the collective bargaining agreement with Local 20 require the Company to provide qualified current and future retirees represented by Plaintiffs with health insurance.

29.     Article 4 of the Statewide Agreements, Article 26 of the collective bargaining agreements with Local 110 and Local 397, and Article 18 of the collective bargaining agreement with Local 926 requires the Company to make contributions to certain pension funds on behalf of qualified employees represented by Plaintiffs.

30.     Article 6 of the Statewide Agreement, Article 7 of the collective bargaining agreements with Local 20 and Local 637, Article 24 of the collective bargaining agreement with Local 397, Article 15 of the collective bargaining agreement with Local 926 provides qualified employees represented by Plaintiffs with two (2) personal days per year (identified as "birthday holidays" in the Local 637 collective bargaining agreement and "roving holiday" and "birthday holiday" in the Local 926 collective bargaining agreement). Likewise, Article 24 of the collective bargaining agreement with Local 110 provides qualified employees with one (1) personal day per year.

31.     Article 30 of the Statewide Agreement, Article 32 of the collective bargaining agreements with Local 20, and Article 33 of the collective bargaining agreement with Local 637 provide that each employee represented by Plaintiff who is displaced from employment "by reason of the closing of the entire plant, branch or department thereof" and who has been actively employed for at least three (3) years, shall receive severance pay based upon their total length of employment.

32.     On or about June 17, 2026, via letter to the Ohio-based Union representatives, the Company announced that it will be permanently closing all of its facilities, and will lay off employees

beginning the week of July 6, 2026, with all employees being terminated by Labor Day. A copy of the letter is attached hereto as **Exhibit D**.

33.     Schwebel Baking Company CEO Steve Baker was quoted in a Company press release as saying the Company had "reach[ed] the point where liquidation is the only remaining option."

34.     On or about June 23, 2026, the Company, via Vice President of Sales Jim Behmer, informed Local 52 Secretary-Treasurer and Ohio Conference of Teamsters Bakery Chairman Dave Dudas that, effectively immediately, the Company would no longer honor its contractual obligations to (i) provide health insurance to certain current and retired employees represented by the Locals, (ii) make pension fund contributions for qualified employees, (iii) pay employees for accrued, unused vacation time and (iv) personal time, and (v) would not honor its contractual obligation to provide severance payments to qualified employees.

35.     In the same conversation, Company Vice President of Sales Behmer confirmed that the Company had not made contractually required contributions to the Local 52 Pension Fund for May, 2026 and would not make the required contributions for June, 2026.

36.     Faced with confirmation from the Company that it had no intent to comply with the above-listed contractual obligations, each Local Union with a collective bargaining agreement with the Company filed grievances alleging the Company had violated the Statewide Agreement and/or the local collective bargaining agreements, respectively, for failing to provide health insurance, failing to make required pension contributions (as applicable), failing to pay employees for accrued vacation and personal days, and affirming that qualified employees would not receive severance pay, as contractually required. Copies of the grievances are attached hereto as **Exhibit E**.

**COUNT ONE – BREACH OF CONTRACT**
**REQUEST FOR INJUNCTIVE RELIEF AND**
**ORDER COMPELLING ARBITRATION**

37.     Plaintiffs incorporate by reference the averments of Paragraphs 1 through 36.

38.     By its acts, the Company has failed and refused to honor its contractual obligations to Plaintiffs, including, but not limited to, the provision of health insurance coverage, required pension and retirement contributions, and payment of accrued vacation and personal leave.

39.     The Company has indicated that it intends to refuse to honor its contractual obligation to Plaintiffs, including, but not limited to, future required pension and retirement contributions and payment of severance pay.

40.     The Company's failure and refusal to honor its contractual obligations are the subject of valid, timely-filed grievances that are sufficiently sound in order to allow an Arbitrator or Arbitrators to provide a ruling as to their merits.

41.     Company employees represented by Plaintiffs will suffer irreparable harm should the Company be allowed to continue to liquidate its assets as any victory at the arbitration table may be meaningless, given that if assets from Company operations are encumbered, there will be no funds from which to pay contractually required health insurance contributions, pension and retirement contributions, vacation and personal leave, and severance pay.

42.     Because of Defendant's plans for an immediate shutdown of operations and liquidation, any arbitration award in Plaintiffs' favor could not return the parties substantially to the status quo. Therefore, Plaintiffs' have no adequate remedy at law.

43.     A temporary restraining order and preliminary injunction – ordering Defendant to proceed to arbitration on the pending grievances and prohibiting the liquidation of Defendant's assets until such time as the arbitration process is complete – is necessary to preserve the integrity of the grievance and arbitration process as well as to restore the negotiated benefits to employees.

WHEREFORE, Plaintiffs respectfully pray that this Court:

(a)     Issue a temporary restraining order and preliminary injunction ordering Defendant to refrain from liquidating any assets or distributing any monies to the Company's owners or shareholders or other creditors pending the resolution of the referenced grievances and the outcome of this litigation;

(b)    Order Defendant to expeditiously process the Unions' grievances related to the Company's cessation of operations to the contractual arbitration process, participate fully in the arbitration process, and to comply with any duly issued arbitration award;

(c)    Order the Defendant to pay all costs of this suit, including court costs and the Plaintiffs' reasonable attorney's fees, for Defendants' willful and bad faith violation of the collective bargaining agreements; and

(d) Grant such other relief as the Court deems just and proper.

Respectfully submitted,

**DOLL, JANSEN & FORD**

_____*/s/ John R. Doll*_____
John R. Doll – 0020529
jdoll@djflawfirm.com
John R. Sauter  - 0087691
jsauter@djflawfirm.com
111 W. First St., Suite 1100
Dayton, Ohio  45402-1156
(937) 461-5310 (telephone)

ATTORNEYS FOR PLAINTIFFS